# In the United States Court of Federal Claims

No. 20-388C
(Filed: August 28, 2020)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

VINODH RAGHUBIR,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Plaintiff filed his complaint on March 26, 2020. On May 13, 2020, he accompanied it with a motion to waive payment of the filing fee, attached to which was the court's standard application to proceed *in forma pauperis*. Plaintiff is currently incarcerated in a Florida state prison. Defendant opposes granting leave to proceed *in forma pauperis* and asks the court to dismiss the complaint pursuant to 28 U.S.C. § 1915(g) (2012), which prohibits prisoners from bringing a civil suit or appeal in federal court without paying the filing fee if they have previously filed three or more clearly meritless actions or appeals in the federal courts. We need not to reach that issue, however, because it is clear on the face of the complaint that we must dismiss it for lack of jurisdiction.[1]

---

[1] Defendant's motion details plaintiff's extensive history of filing baseless complaints in Florida state court, Federal district courts in Florida, the Court of Appeals for the 11th Circuit, and the United States Supreme Court. *See* Def.'s Mot. to Dismiss Exs. A, B, C. This is plaintiff's first complaint in the United States Court of Federal Claims. Since filing suit, plaintiff also filed a petition for a writ of mandamus to the Court of Appeals for the Federal Circuit. That was denied by order (*per curiam*) on June 18, 2020. Defendant relies on the state court actions as meeting the requirements of section 1915(g)'s "three strikes rule." The statute requires the dismissals to have been by a "court of the United States," however. We take this to mean a

Plaintiff has also attempted to file in this docket a number of documents in four separate tranches, some of which are responsive to the motion to dismiss. Others ask for injunctive relief beyond this court's power and other documents purport to give notice of events real or imagined. We will allow to be filed the documents clearly intended to respond to defendant's motion but must reject the rest because there is no provision in the court's rules for their filing. We allow filed plaintiff's May 26, 2020 submission, which alleges imminent danger of harm by infection from Covid-19 if left in prison, because that allegation is, although immaterial to our holding below, responsive to defendant's argument under section 1915(g). Plaintiff's other relevant submission, entitled "Objection," was received by the clerk's office on June 11, 2020, and argues generally that the court is required to take plaintiff's complaint at face value and assume the allegations to be true when considering a motion to dismiss. Plaintiff further argues that defendant's motion wholly fails to account for the facts alleged in the complaint.[2] We allow this document to be filed as well.

Plaintiff's complaint, although almost illegible and hard to decipher, alleges generally a conspiracy of state and federal officials against Mr. Raghubir stemming from his conviction and subsequent incarceration in Florida. The federal courts' failures to set him free thereafter are evidence of their participation in the conspiracy as well, according to plaintiff. These allegations are beyond this court's jurisdiction as they sound in tort. *See* 28 U.S.C. § 1491(a) (2012) (excepting form this court's jurisdiction cases "sounding in tort"). We have jurisdiction over cases for money damages based on the Constitution, federal statutes and regulations, or a contract with a federal entity, any of which presume a mandate for the payment of money to the plaintiff in order to ground jurisdiction in this court. *See* 28 U.S.C. § 1491(a). Plaintiff has not made such allegations. His complaint is thus beyond our jurisdiction and must be dismissed. *See* RCFC 12(h)(3) (directing the court to dismiss a complaint whenever it finds jurisdiction lacking).

---

federal court. We are aware of no caselaw suggesting that state courts are included in the definition of "courts of the United States." After reviewing plaintiff's history in federal court, it is not clear that he has violated the three strikes rule.

[2] We note also that defendant moved, in the alternative, for dismissal for lack of jurisdiction. Although we agree, we do not reach the motion because we dismiss *sua sponte*.

Further, because it obvious from plaintiff's history of wasting judicial resources by filing baseless lawsuits in the state and federal courts, he is hereby prohibited from filing further suits in this court without leave of the court. Accordingly, the following is ordered:

1. We allow to be filed plaintiff's submission of May 26, 2020, entitled "Notice of Executive Order." The clerk's office is directed to docket this as a Notice.

2. We allow to be filed plaintiff's document entitled "Objection," which was received on June 11, 2020. The clerk's office is directed to docket it as Plaintiff's Response to Defendant's Motion to Dismiss.

3. The following documents are ordered to be returned to plaintiff unfiled because there is no provision in the court's rules for filing them:

    A. Plaintiffs submissions of May 11, 2020, entitled "Emergency Motion for Inactive Relief" and "Objection and Notice."

    B. Plaintiff's "2nd Emergency Motion for Injunctive Relief," received June 11, 2020.

    C. Plaintiff's "Notice of Filing & Motion to Show Cause," received on August 7, 2020.

4. Defendant's motion to dismiss is denied as moot.

5. Plaintiff's motion to proceed *in forma pauperis* is granted for the limited purpose of considering whether jurisdiction exists over his complaint.

6. Plaintiff is hereby prohibited from filing further complaints in this court absent leave of court. The clerk's office is directed to reject any new complaints absent leave of the court.

7. The complaint is hereby dismissed for lack of jurisdiction pursuant to Rule 12(h)(3). The Clerk of Court is directed to enter judgment accordingly.

                                                <u>s/ Eric G. Bruggink</u>
                                                ERIC G. BRUIGGINK
                                                Senior Judge